ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>V.<br><br>LUIS FIGUEROA VÉLEZ<br><br>Recurrido | KLCE202400153 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Casos Núm.:<br>A SC2019G0082<br>A SC2019G0086<br><br>Sobre:<br>Art. 68 - Abonos de detención o de términos reclusión |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2024.

El señor Luis Figueroa Vélez (señor Figueroa Vélez o peticionario), sometió ante este Tribunal de Apelaciones una *Moción por Derecho Propio* con fecha del 1ro de febrero de 2024, presentada en este Tribunal de Apelaciones el 6 de febrero pasado.

En su escrito el señor Figueroa Vélez manifestó que se encontraba en la institución Guerrero de Aguadilla extinguiendo una sentencia de ocho (8) años que le fue impuesta el 22 de junio de 2022. Nos solicita que emitamos una orden o señalamiento para que se le abone el período de 103 días en los que estuvo sumariado en la Institución Wisconsin State Corrections en los casos ASC2019G0082 y ASC2019G0086 sobre sustancias controladas. Realizó la petición a tenor con el Artículo 68 del

Número Identificador

RES2024 _____

Código Penal de Puerto Rico.[1]   El peticionario no incluyó documento alguno que nos permita revisar nuestra jurisdicción y atender la presente causa.

Tras evaluar el recurso presentado, para lograr el más eficiente despacho del asunto, prescindimos de solicitar ulteriores escritos no jurisdiccionales, a tenor con la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Por los fundamentos que exponemos, desestimamos el presente recurso, por falta de jurisdicción.

## II.

## A.

En toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018); Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233-234 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 457 (2012).  La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019), Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 267; Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015); SLG Solá–Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011). En ese sentido, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*.  Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado

---

[1] Artículo 68 Abonos de detención o de términos de reclusión. 33 LPRA sec. 5101.

por éstas, el foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Yumac Home v. Empresas Massó, *supra*, pág. 103; Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 22 (2011); Souffront v. A.A.A., 164 DPR 663, 674 (2005). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; SLG Szendrey–Ramos v. F. Castillo, 169 DPR 873*,* 883 (2007).

**B.**

Nuestra función como Tribunal de Apelaciones es proveer a los ciudadanos un foro apelativo mediante el cual un panel de no menos de tres (3) jueces revisará, como cuestión de derecho las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas y de **forma discrecional cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia**. Art. 4.002 de la Ley de la Judicatura, 4 LPRA sec. 24u.  (Énfasis nuestro).

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. Pueblo v. Díaz de León, 176 DPR 913, 917 (2009).   La parte afectada por alguna orden o resolución interlocutoria en un proceso penal, al amparo de las disposiciones antes citadas, puede presentar un recurso de *certiorari* mediante el cual apele el dictamen interlocutorio del foro primario dentro de los treinta (30) días siguientes a la fecha en que el dictamen fue notificado.  Este término, tal como se

desprende de lo anterior, es de cumplimiento estricto. <u>Pueblo v. Román Feliciano</u>, 181 DPR 679 (2011), Regla 32 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32 (D). (Énfasis suplido).

Para ejercer nuestra función revisora, la Regla 34 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 34, gobierna el contenido de la solicitud de *certiorari*. La Regla 34 (C) (1) del Reglamento, dispone que todo recurso de *certiorari* debe contener en el cuerpo lo siguiente:

> (a)…
>
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
>
> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.
>
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
>
> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
>
> (f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.
>
> (g) La súplica.

En casos criminales, la referida Regla 34 (E), exige que, además se incluya la denuncia y la acusación, si la hubiere, al igual que la determinación del foro de instancia cuya revisión se solicita. También se debe acompañar, la resolución u orden, y toda moción o escrito en los cuales se discuta expresamente el

asunto planteado en la solicitud de *certiorari*, o que sean relevantes a ésta; así como cualquier otro documento que forme parte del expediente en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia. 4 LPRA Ap. XXII-B, R. 34.

Vemos que el Reglamento del Tribunal de Apelaciones, junto a otras reglas y leyes, regula el trámite y perfeccionamiento de los recursos apelativos. Pérez Soto v. Cantera Pérez, Inc. et al., 188 DPR 98 (2013). El incumplimiento con las disposiciones reglamentarias sobre los recursos presentados en el Tribunal de Apelaciones puede conllevar la desestimación. Pueblo v. Rivera Toro, 173 DPR 137 (2008); Cárdenas Maxán v. Rodríguez, 119 DPR 642 (1987). El Tribunal Supremo ha resuelto que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica el incumplimiento de éstas con las reglas procesales. Febles v. Romar Pool Construction, 159 DPR 714 (2003). En consecuencia, procede la desestimación de un recurso por incumplimiento al Reglamento, cuando éste haya provocado un "impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". Pueblo v. Rivera Toro, *supra*, citando a Román Velázquez v. Román Hernández, 158 DPR 163, 167-168 (2002).

### III.

El señor Figueroa Vélez, mediante una *Moción por Derecho Propio*, nos solicita que emitamos una orden o señalamiento para que se le abone a su sentencia de ocho años, el período de 103 días en los que estuvo sumariado en la Institución Wisconsin State Corrections.

Notamos que el peticionario no incluyó documento alguno junto a la moción que hoy atendemos. En específico, no suplió la

copia de la sentencia que cumple, como tampoco alguna determinación reciente del foro primario, en la cual se resuelva el asunto que aquí nos trae. Estos documentos son esenciales para verificar nuestra jurisdicción.

En su escrito, el señor Figueroa Vélez tampoco menciona alguna determinación **reciente** emitida por el tribunal de primera instancia, y que haya sido notificada al menos treinta (30) días antes del presente recurso, la cual interesa que revisemos. En ese sentido, sabido es que somos un foro de revisión intermedio, y si no se nos provee un dictamen anterior resolviendo primeramente el asunto que aquí nos trae, no tenemos facultad para atender la reclamación. De manera que, el escrito carece de información fundamental que nos impide revisar su reclamación y acreditar que poseamos jurisdicción para concederle algún remedio.

En fin, el presente recurso, tal cual presentado, no es susceptible de ser revisado en este foro, por lo que lo desestimamos.

## IV.

Por los fundamentos antes expuestos desestimamos el presente recurso por falta de jurisdicción.

Instruimos a la Secretaria del Departamento de Corrección y Rehabilitación a entregar copia de esta resolución al peticionario, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones